STATE EX REL. ROY F. GAGNON v. L. F. UTECHT.[1]

November 26, 1948.

No. 34,875.

*Roy F. Gagnon, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent.

PER CURIAM.

This matter comes before us on an appeal from an order of the district court of Washington county, this state, denying relator's petition for a writ of habeas corpus.

Relator was charged by an information filed by the county attorney of Hennepin county, in this state, on March 23, 1939, with having committed the crime of sodomy. He was arraigned before one of the judges of Hennepin county on March 25, 1939, and entered a plea of not guilty. On April 3, 1939, together with his attorney, Frederick Storlie, he appeared before the Honorable Levi M. Hall, one of the judges of the district court of Hennepin county, and requested permission to change his plea to guilty. Upon being questioned by the court, he would not state unequivocally that he was guilty of the offense charged, whereupon the court refused to accept a plea of guilty. Thereafter, after conferring with his counsel, relator waived a jury by an instrument signed in writing and was tried by the court without a jury. He was found guilty of the crime charged in the information. Thereafter, he was charged by information with having been convicted of one prior felony, and, upon being arraigned thereon, he entered a plea of guilty. The crime of which he was charged, having been convicted formerly, was that of indecent assault. Thereafter, he was sentenced to an indeterminate term in the state penitentiary at Stillwater on April 22, 1939, upon which sentence he was committed to said penitentiary and has been confined therein since that time.

Relator's present petition and application is based upon the claim that at the time he waived a jury trial and at the time of his trial and sentence he was temporarily insane. The petition does not allege that he did not have

[1]Reported in 34 N. W. (2d) 721.

a fair trial, and he was represented by competent and able counsel during the entire proceeding. His counsel in said trial has submitted to this court an affidavit stating that at no time prior to his conviction did relator claim that he was mentally incompetent and that in the opinion of said attorney he was perfectly sane at the time of the trial.

We have examined a transcript of all the proceedings, including the testimony of witnesses at the trial, and are of the opinion that the petition is without any merit. The order denying the petition for writ of habeas corpus is affirmed.

Affirmed.